IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CRAFT,

      Plaintiff,                        No. 2:04-CV-0780-MCE-KJM-PS

      vs.

MICHAEL WYNNE,                FINDINGS AND RECOMMENDATIONS
Secretary of the Air Force,

      Defendant.
_____/

      Defendant's motion to dismiss came on regularly for hearing July 25, 2007. No appearance was made for plaintiff. Bobbi Montoya appeared for defendants. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

      In this action, plaintiff alleges discrimination on the basis of race (African-American) in connection with his termination from temporary employment as an air conditioning mechanic at McClellan Air Force Base, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, et seq. ("Title VII"). He also alleges he was harassed on the job, and was subjected to intentional infliction of emotional distress.[1] Defendant moves to

---

[1] In his complaint, plaintiff also alleges defendant denied him unemployment benefits after termination. Am. Compl. at 2. However, the record shows that plaintiff has already received

1

dismiss these charges based on Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the alternative, defendant asks the court to grant summary judgment.

I. <u>Discrimination Claim</u>

In order to establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") before seeking federal adjudication. <u>EEOC v. Farmer Bros. Co.</u>, 31 F.3d 891, 899 (9th Cir. 1994). In this case, defendant argues that plaintiff has failed to exhaust administrative remedies because plaintiff was untimely in contacting the Equal Employment Opportunity ("EEO") counselor and in appealing the Final Agency Decision ("FAD") to the EEOC.

Prior to bringing a discrimination claim in federal court, a plaintiff must contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. §1614.105(a)(1). However, the regulations also require that the 45 day period be extended where the complainant shows he was not notified of the time limits and was not otherwise aware of them. 29 C.F.R. §1614.105(a)(2). In this case, plaintiff's employment was terminated on April 1, 1998. Craft Depo. at 24:21-25:9. He did not contact an EEO counselor until August 26, 1998, long after expiration of the 45 day period allowed by the regulations. Mot. for Summ. J. (MSJ), Exs. I, J.

Similarly, appeals from FADs must be filed within 30 days of the receipt of the agency's final action or decision. 29 C.F.R. § 1614.402(a). In this case, plaintiff received the FAD on November 7, 2000. MSJ, Ex. N. However, the EEOC did not receive a copy of plaintiff's appeal until May 22, 2001, <u>id</u>., Ex. O, again long after expiration of the 30 day period allowed by the regulations.

Generally, the filing of a timely EEOC complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel

---

a favorable judgment from the California Unemployment Insurance Appeals Board. <u>See</u> Ex. to Am. Compl. at pdf pages 8-10. Thus, there are no unemployment benefits still at issue.

1  and equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Sommatino
2  v. United States, 255 F.3d 704, 708 (9th Cir. 2001).  Understanding that Title VII claims are
3  usually brought by laypeople, courts generally have not interpreted procedural requirements too
4  technically.  See, e.g., Ong v. Cleland, 642 F.2d 316, 320 (9th Cir. 1981).  However, the
5  Supreme Court recently has held that EEOC requirements should in fact be construed strictly.
6  See Ledbetter v. Goodyear Tire & Rubber Co., Inc., __ U.S. __, 127 S.Ct. 2162, 2171 (2007)
7  ("[E]xperience teaches that strict adherence to the procedural requirements specified by the
8  legislature is the best guarantee of evenhanded administration of the law.").  Prior to the decision
9  in Ledbetter, the Ninth Circuit has upheld dismissals of complaints where EEO filing dates were
10 missed by a significant amount of time.  Boyd v. United States Postal Service, 752 F.2d 410, 414
11 (9th Cir. 1985); Johnson v. United States Treasury Dept., 27 F.3d 415, 416 (9th Cir. 1994).
12         In the instant case, the court finds that plaintiff is statutorily barred from bringing
13 the instant discrimination action.  Plaintiff argues that the 45 day deadline to contact an EEO
14 counselor should be tolled because he was not made actually or constructively aware of this
15 deadline by his employers.  See Opp'n, Ex. A.  However, he makes no argument whatsoever on
16 the subject of his untimely appeal of the agency decision to the EEOC.  Moreover, plaintiff
17 previously filed a similar discrimination claim against a former employer.  See Craft v.
18 Campbell's Soup Co., 2:96-CV-01500-GEB-JFM (see MSJ, Ex. R).  Having previously litigated
19 a similar claim, plaintiff should have been well aware of Title VII's statutory requirements.  The
20 court finds that plaintiff is not entitled to tolling of the statutory time periods.  Thus, he has failed
21 to exhaust his administrative remedies, and his discrimination claim must be dismissed.
22 II.   Harassment Claim
23         In order to establish federal subject matter jurisdiction over a Title VII action, a
24 plaintiff is required to exhaust EEOC administrative remedies before seeking federal
25 adjudication.  Farmer Bros., 31 F.3d at 899.  When an employee brings new claims in his judicial
26 complaint that were not included in the original EEOC charge, those claims must be "like or

3

reasonably related to the allegations in the EEOC charge." <u>Oubichon v. North American Rockwell Corp.</u>, 482 F.2d 569 (9th Cir. 1973).  The jurisdictional scope of a Title VII claimant's court action depends upon the scope both of the EEOC charge and the EEOC investigation. <u>Farmer Bros.</u>, 31 F.3d at 899.

Plaintiff did not include any claim of harassment in his original EEO complaint. MSJ, Ex. J.  The EEO process dealt exclusively with plaintiff's claim of racial discrimination in his termination, and the administrative investigation would not have focused on any of the harassing incidents now claimed by plaintiff.  The court finds that the harassment claims are not closely enough linked to be like or reasonably related to the charges in the EEOC complaint. Plaintiff has failed to exhaust administrative remedies to these claims, and they should be dismissed.

III.   <u>Intentional Infliction of Emotional Distress Claim</u>

The last sections of defendant's motion discuss plaintiff's claim of intentional infliction of emotional distress.  However, the Supreme Court has held that Title VII is the exclusive remedy for workplace discrimination.  <u>Brown v. General Services Administration</u>, 425 U.S. 820 (1976).  Thus, plaintiff cannot proceed on a claim for intentional infliction of emotional distress on these facts.[2]  Accordingly, this claim should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

---

[2] Defendant notes that plaintiff's allegations, read liberally, may state a claim for reprisal.  However, plaintiff did not claim reprisal in his EEOC proceedings, meaning that the court would lack subject matter jurisdiction unless the claim was like or reasonably related to those before the EEOC.  <u>Oubichon</u>, 482 F.2d at 569.  More importantly, plaintiff initiated EEOC proceedings long after he was fired.  Thus, he cannot claim that anything done by defendants was done in retaliation for his bringing an EEOC complaint.  Thus, the court finds that the complaint does not state a claim of reprisal.

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: October 5, 2007.

_____
U.S. MAGISTRATE JUDGE

13  craf.57